Filed 7/21/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| PAUL L. PIPITONE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DEPARTMENT OF MOTOR VEHICLES,<br><br>    Defendant and Respondent. | 2d Civ. No. B348229<br>(Super. Ct. No. 22CV0676)<br>(San Luis Obispo County) |

Paul L. Pipitone appeals the denial of his petition for writ of mandate challenging the Department of Motor Vehicles' (DMV) revocation of his driving privilege following a felony conviction for drug possession. The drugs were seized from appellant's car. Appellant's principal contentions are 1) there was no basis for any finding that his crime involved the use of a motor vehicle, and 2) the DMV failed to establish that it received the required abstract from the superior court before revoking his license. We affirm.

FACTUAL AND PROCEDURAL HISTORY

*The criminal case*

In 2020, a law enforcement officer stopped appellant as he was driving and seized over a pound of methamphetamine and other indicia of drug sales in appellant's vehicle. He was charged with two felonies: 1) possession of methamphetamine with intent to sell (Health & Saf. Code, § 11378), and 2) selling, offering to sell and transportation of a controlled substance (*id*., § 11379, subd. (a)).

In 2024, appellant pled no contest to the possession for sale charge, and the sale and transportation charge was dismissed as part of a stipulated global resolution of this and another case pending against him.

Vehicle Code[1] section 13350 requires the DMV to revoke an individual's driving privilege "upon receipt of a duly certified abstract of the record of a court showing that the person has been convicted of . . . A felony in the commission of which a motor vehicle is used," with limited exceptions not applicable here. (§ 13350, subd. (a)(2).) The trial court specifically advised appellant that his license could be revoked as part of his stipulated plea. On the date he entered his plea, the court docket includes an entry for "DMV Abstract."

Following his conviction, the DMV received an abstract from the superior court specifying that appellant had been convicted of a felony in which a motor vehicle was used. The DMV revoked appellant's driving privilege pursuant to section 13350 and gave notice to him.

---

[1] Statutory references are to the Vehicle Code unless otherwise stated.

*The writ of mandate*

In the writ petition, appellant argues he was not given proper notice of the revocation, his drug possession conviction did not subject him to license revocation, and the criminal court erred in finding that his crime bore any nexus to a motor vehicle. The petition also argues double jeopardy made the license revocation unlawful, but appellant did not allege any supporting facts or explain why double jeopardy applies. There is no mention of double jeopardy in any brief filed in support of appellant's petition or in any record of the hearings.

At the writ hearing, the trial court asked the DMV to produce the information upon which it relied to revoke appellant's driving privilege. The court continued the hearing approximately one month to allow the DMV to supplement the record and appellant to respond.

Before the DMV filed its supplemental evidence, appellant filed a brief in which he argued, for the first time, the DMV failed to demonstrate that it had received a "duly certified abstract" of record from the criminal court reflecting appellant's use of a motor vehicle in the commission of a felony as required by section 13350. Appellant argued without such an abstract, the DMV could not revoke his license.

The DMV subsequently filed a copy of appellant's DMV driving record and the declaration of David Adams, a DMV employee with 19 years of experience in DMV procedures involving abstracts of criminal convictions. Adams explained that, since 2014, the superior court does not routinely provide the DMV with paper abstracts of judgment for purposes of section 13350. Instead, when a judicial officer determines that a motor vehicle has been used in the commission of a felony, the superior

3

court sends an electronic transmission to the DMV that directly updates the "Abstracts" section of the defendant's driving record. The update includes the name of the sentencing court, the violation date, conviction date, statute violated, and the disposition code "K" to indicate the criminal court's determination that a motor vehicle was used in the commission of the felony. Only the court can update the Abstracts section of the record and the DMV cannot make changes unless ordered to do so by the court.

Adams authenticated appellant's driving record. The Abstracts section of appellant's driving record lists his 2024 conviction for violating Health and Safety Code section 11378, the violation date and the conviction date. The abstract also includes disposition code "K."

Appellant moved to strike his driving record and the Adams declaration on the ground that the documents did not constitute a "duly certified abstract."

At the continued hearing, the trial court denied both appellant's motion to strike and his writ petition. The trial court found 1) the criminal court properly determined that the commission of appellant's felony involved the use of a motor vehicle pursuant to section 13350, and 2) the superior court had communicated this finding to the DMV via an electronic transmission that added disposition code "K" to the Abstracts section of appellant's driving record. The court ruled this transmission was all that was required to trigger the DMV's mandatory duty to revoke appellant's driving privilege. The court did not address the issue of double jeopardy.

## DISCUSSION

### *Standards of review*

We review the record to determine whether the trial court's findings are supported by substantial evidence, resolving all evidentiary conflicts and drawing all legitimate and reasonable inferences in favor of the trial court's decision. (*Roze v. Department of Motor Vehicles* (2006) 141 Cal.App.4th 1176, 1184.) We exercise de novo review of the trial court's legal determinations. (*Ibid*.) A trial court's decisions to continue an evidentiary hearing or admit evidence are reviewed for abuse of discretion. (*Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 984 [decision to grant continuance is committed to court's discretion]; *People ex rel. Owen v. Media One Direct, LLC* (2013) 213 Cal.App.4th 1480, 1483 [admissibility of evidence reviewed for abuse of discretion].)

### *Appellant could not challenge the criminal court's factual findings in his writ petition against the DMV*

The DMV's act of revoking a license under section 13350 is a mandatory, ministerial act. (*Larsen v. Department of Motor Vehicles* (1995) 12 Cal.4th 278, 284 (*Larsen*).) Our review of the DMV's administrative acts in performing a mandatory function is limited. A writ petition against the DMV is not a means to collaterally attack the criminal court's judgment of conviction or findings. (*Thomas v. Department of Motor Vehicles* (1970) 3 Cal.3d 335, 338 (*Thomas*).) The DMV is required to revoke driving privileges if it has received an abstract of judgment that requires it to do so, and it has no corresponding duty to evaluate the validity of the judgment or findings. (*Larsen, supra*, 12 Cal.4th at p. 284.)

Appellant argues there was no basis for the criminal court's determination that a motor vehicle was used in the commission of his felony drug possession charge. This is a collateral challenge to the criminal court's factual finding that was not properly asserted in appellant's petition for writ of mandate against the DMV. (*Thomas, supra*, 3 Cal.3d at p. 338.) One department of the superior court generally has no jurisdiction to reverse, restrain or otherwise interfere with findings and acts made by another department of the superior court. (*Ford v. Superior Court* (1986) 188 Cal.App.3d 737, 742; accord *Pollack v. Department of Motor Vehicles* (1985) 38 Cal.3d 367, 380 [challenge to validity of prior conviction should generally be asserted in the court that rendered judgment].) As a result, we do not entertain appellant's challenge to the criminal court's factual findings.

*The trial court did not abuse its discretion by requesting and considering supplemental evidence*

It was appellant's burden to establish that the DMV took an action it was not legally authorized to take or failed to perform an act it was required to perform. (*American Liberty Bail Bonds, Inc. v. Garamendi* (2006) 141 Cal.App.4th 1044, 1052 [petitioner bears burden of proof in challenge to automatic license suspension].)

Despite his burden, appellant did not produce evidence relevant to the DMV's exercise of its ministerial duty to revoke appellant's license. At the writ petition hearing, the trial court sua sponte ordered the DMV to provide the information on which the DMV relied to revoke appellant's license. The court briefly continued the hearing to allow the DMV to submit this evidence and for appellant to respond. This was not an abuse of discretion.

Trial courts have inherent authority to manage the cases before them. (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal. 4th 953, 967; Code Civ. Proc., § 128, subd. (a).) It is not unusual for a trial court to continue a hearing or request additional evidence to ensure it reaches the correct result. Appellant was not prejudiced by the continuance or the request for supplemental evidence. Indeed, the trial court's actions appear to have prompted appellant to make an argument he had not previously made; namely, that the DMV failed to establish it had received a duly certified abstract of judgment under Section 13350. The court gave appellant an opportunity to respond to the supplemental evidence, and appellant responded by filing a motion to strike. The court acted well within its discretion in continuing the hearing and requesting evidence that was relevant to the key issue in the case.

*Substantial evidence supported the trial court's finding that the DMV was required to revoke appellant's license*

Appellant argues the trial court erred by denying his motion to strike and relying on appellant's driving record and the Adams declaration to demonstrate the DMV's receipt of a duly certified abstract from the court. Appellant contends these records do not constitute a duly certified abstract, and therefore the DMV could not rely on the information contained therein to revoke his license. We disagree.

Section 13350 does not define "duly certified abstract," but our task in construing the requirements of a statute is to ascertain and effectuate the legislative intent. (*Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 720.) We first look at the words themselves and give them their ordinary and usual meaning, construing them in the context of the statute as a

7

whole.  (*Ibid.*)  If the plain language of the statute is unambiguous and does not involve an absurdity, the plain meaning governs.  (*People v. Garcia* (2002) 28 Cal.4th 1166, 1172.)

An "abstract" is a summary.  (*People v. Hong* (1998) 64 Cal.App.4th 1071, 1080; Black's Law Dictionary (12th ed. 2024) p. 11.)  "Duly" means to do something in a proper manner.  (*Robertson v. Perkins* (1889) 129 U.S. 233, 236; Black's Law Dictionary (12th ed. 2024) p. 632.)  "Certified" refers to something that has been authenticated, verified or attested to as being true and correct.  (Gov. Code, § 68150, subd. (f) [certified copy refers to "true and correct copy of the original record, or a specified part of the original record"]; Black's Law Dictionary (12th ed. 2024) p. 284 [to "certify" is to authenticate or verify in writing, or to attest as being true].)  These terms are not ambiguous and giving them their ordinary meaning does not create an absurdity in the context of section 13350.  Accordingly, we interpret section 13350 to require the DMV to be in receipt of a summary of appellant's conviction that has been properly provided, that has been authenticated by the court and that accurately reflects the court record.

Here, the DMV received a summary of specific terms of the criminal judgment against appellant.  The summary was updated to the Abstracts section of appellant's driving record and included the date of appellant's drug possession violation, the date of his conviction, the statute that was violated, and the disposition code "K" to reflect that appellant's felony conviction involved the use of a motor vehicle.  The evidence supports that the DMV received an abstract from the superior court.

8

The evidence also supports that the abstract was duly certified. Adams testified that the superior court transmitted appellant's conviction information *directly* into the Abstracts section of appellant's DMV driving record, with no intermediary and without alteration by the DMV. Adams explained that the court alone is responsible for updating the abstract, and the DMV has no independent ability or authority to change the abstract. The Abstracts section of appellant's DMV driving record accurately reflects the information set forth in the criminal court record. The fact that the information transmitted to the DMV was provided by the court, unaltered, and actually and accurately reflected the information from the court record, supports that the abstract was certified by the court.

Additionally, the superior court had been electronically transmitting abstracts to the DMV since 2014, and it is presumed that the court regularly performed its duty in connection with the transmission of these abstracts. (Evid. Code, § 664 [it is presumed that an official duty has been regularly performed].) Because certification was made pursuant to regular and established procedures, the trial court could reasonably conclude the certification of the abstract was proper and thus duly made. Substantial evidence supports the trial court's determination that the DMV was in receipt of a duly certified abstract from the court, triggering the DMV's duty to revoke appellant's license under section 13350.

*Arguments raised for the first time on appeal or on reply are waived*

Appellant argues for the first time on appeal that the evidence considered by the trial court was hearsay and that he did not have an opportunity to cross-examine Adams. These

objections are waived because they were not made in the trial court. (*Anaheim Police Dept. v. Crockett* (2026) 118 Cal.App.5th 606, 621; *Davenport v. Department of Motor Vehicles* (1992) 6 Cal.App.4th 133, 141, fn.3, modified (May 8, 1992).)

Appellant also argues double jeopardy prohibits his license revocation because his license was previously suspended in connection with the same charges. Appellant mentioned the words "double jeopardy" in his writ petition and thereafter failed to present any evidence or argument regarding its application to the case. The trial court did not rule on the issue of double jeopardy. We are persuaded that appellant effectively abandoned his double jeopardy argument in the trial court. A litigant may not abandon a theory of recovery in the trial court and then seek to revive it on appeal. (*Carmichael v. Reitz* (1971) 17 Cal.App.3d 958, 969; *Kantlehner v. Bisceglia* (1951) 102 Cal.App.2d 1, 6; accord *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468 [declining to review arguments parties have not had opportunity to litigate out of principles of fairness and efficiency].) Appellant has waived his argument regarding double jeopardy.

Appellant's arguments made for the first time on reply are likewise waived. Appellant argues in his reply brief that the DMV was required to produce a Judicial Council Form CR-290 and that appellant was not given adequate notice of the possibility of his license revocation. We decline to consider these arguments raised for the first time in reply. (*Committee to Relocate Marilyn v. City of Palm Springs* (2023) 88 Cal.App.5th 607, 636, fn. 8 ["We do not consider arguments raised for the first time in a reply brief."]; *Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764 [" 'Obvious reasons of fairness militate

against consideration of an issue raised initially in the reply brief of an appellant.' "].)

DISPOSITION

The judgment is affirmed. The DMV shall recover its costs on appeal.

<u>CERTIFIED FOR PUBLICATION.</u>


McKAIG, J.*


We concur:


BALTODANO, Acting P. J.


CODY, J.

_____

* Judge of the Ventura Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11

Barry T. LaBarbera, Judge

Superior Court County of San Luis Obispo

_____

Paul L. Pipitone, in pro. per., for Plaintiff and Appellant.
Rob Bonta, Attorney General, Chris A. Knudsen, Senior
Assistant Attorney General, Katharine A. Tremblay, Supervising
Deputy Attorney General, and Rhea G. Mariano, Deputy
Attorney General for Defendant and Respondent.